IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEXTER E. DALE, | ) | No. C 05-1842 JSW (PR) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER OF SERVICE OF DELIBERATE INDIFFERENCE CLAIM** |
| | ) | |
| L. FERNANDEZ and L. LOUGH, | ) | |
| | ) | (Docket No. 2, 4) |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

Plaintiff, a prisoner of the State of California, currently incarcerated at the Correctional Training Facility in Soledad, California, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining of inadequate medical care at that facility. Plaintiff has paid the filing fee. The Court now orders service of Plaintiff's claims alleging deliberate indifference to serious medical needs as to Defendants Fernandez and Lough.

## STATEMENT OF FACTS

Plaintiff complains about the medical treatment he received subsequent to an altercation with another prisoner on April 16, 2003. Specifically, Plaintiff alleges that when he was seen by the nurse, Defendant Lough, for an evaluation of his condition after the altercation, Lough failed to summon a physician or request follow up care, despite the fact that Plaintiff had suffered pepper spray contamination, a head injury, a badly swollen and torn knee and lacerations. Plaintiff further alleges that this failure caused him to suffer with a fractured patella without any treatment or pain medication until his

knee was x-rayed on May 6, 2003. Plaintiff also complains that when he returned to the medical clinic on April 22, 2003 to inquire into why he had not been seen, another nurse, Defendant Fernandez, failed to provide appropriate treatment, allowing Plaintiff to again suffer a fifteen day wait for medical care or pain medication.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## ANALYSIS

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the

1   prisoner's medical need and the nature of the defendant's response to that need.  *See*

2   *McGuckin*, 974 F.2d at 1059.

3       A "serious" medical need exists if the failure to treat a prisoner's condition could

4   result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*

5   (citing *Estelle v. Gamble*, 429 U.S. at 104).  The existence of an injury that a reasonable

6   doctor or patient would find important and worthy of comment or treatment; the presence

7   of a medical condition that significantly affects an individual's daily activities; or the

8   existence of chronic and substantial pain are examples of indications that a prisoner has a

9   "serious" need for medical treatment.  *See id.* at 1059-60 (citing *Wood v. Housewright*,

10  900 F.2d 1332, 1337-41 (9th Cir. 1990)).

11      A prison official is deliberately indifferent if he knows that a prisoner faces a

12  substantial risk of serious harm and disregards that risk by failing to take reasonable

13  steps to abate it.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  In order for deliberate

14  indifference to be established, there must be a purposeful act or failure to act on the part

15  of the defendant and resulting harm.  *See McGuckin*, 974 F.2d at 1060; *Shapley v.*

16  *Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).  As such,

17  Plaintiff has stated a claim for deliberate indifference to his serious medical needs.

## CONCLUSION

19      For the foregoing reasons, the Court orders as follows:

20      1.  Plaintiff states a cognizable claim of deliberate indifference against Defendants

21  Lough and Fernandez.  The Clerk of the Court shall issue summons and the United States

22  Marshal shall serve, without prepayment of fees, a copy of the complaint and all

23  attachments thereto with all attachments thereto, and a copy of this order upon: **Nurse L.**

24  **Lough and L. Fernandez, Correctional Training Facility, P. O. Box 689, Soledad,**

25  **California, 93960-0689.**  The Clerk shall also serve a copy of this order on Plaintiff.

26      2.  In order to expedite the resolution of this case, the Court orders as follows:

27

28                                                      3

a.  No later than **sixty (60) days** from the date of this order, Defendants shall either file a motion for summary judgment or other dispositive motion, or a notice to the Court that they are of the opinion that this matter cannot be resolved by dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

**Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

All papers filed with the Court shall be promptly served on the Plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **thirty (30) days** from the date Defendants' motion is filed.  The following notice is for the benefit of all pro se litigants:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is,  if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*Rand v. Rowland,* 154 F.3d 952, 963 (9th Cir. 1998) (en banc).

4

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

   c.  Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

   d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

3.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than **five** days prior to the deadline sought to be extended.

5.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

6.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7.  Plaintiff's motion seeking consolidation of this action with case number C 04-0043 JSW (PR) is denied.  Although both causes of action arose on the same day, they do

not involve common questions of law or fact.  *See* Federal Rule of Civil Procedure 42

(a).

      IT IS SO ORDERED.

DATED: November 8, 2005

_____

JEFFREY S. WHITE
United States District Judge