IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEXTER E. DALE,<br><br>            Plaintiff,<br>  vs.<br><br>L. FERNANDEZ and L. LOUGH,<br><br>            Defendants. | No. C 05-665 JSW (PR)<br><br>ORDER REGARDING<br>SERVICE OF DEFENDANT<br>LOUGH<br><br>(Docket no. 4) |

       In an order dated November 8, 2005, the Court directed the United States Marshal (USM) to serve Plaintiff's civil rights complaint on Defendant Lough. Defendant Fernandez has appeared and a dispositive motion is due April 9, 2006. It appears from the record, however, that Defendant Lough was never served with the complaint. The USM mailed summonses and complaints on November 10, 2005 to both Defendants at the Correctional Training Facility (CTF). A notation on the summons sent to Defendant Lough (docket no. 3) states that it was returned to the USM office by CTF because Defendant Lough was a contract employee who is no longer at CTF. As of December 21, 2005, no acknowledgment of service by Defendant Lough had been received and the USM office returned the summons to the Court unexecuted.

       On January 10, 2006, the Court ordered Plaintiff to inform the Court of his continued intent to pursue this matter against Defendant Lough and provide the Court with all information necessary for the United States Marshal to make a further attempt at service. On January 23, 2006, Plaintiff informed the Court that he intended to pursue his action against Lough, but that he was notified through discovery that Nurse Lough was a

1  temporary employee of the Department of Corrections and that they are not aware of a
2  current work address for Lough.  Plaintiff states that he has no further information as to
3  Defendant Lough's whereabouts.

4      Federal Rule of Civil Procedure 4(m) contemplates that service of process
5  normally will be accomplished within four months of the filing of the complaint.
6  Although the Court can order the USM to serve process on a defendant when the plaintiff
7  is indigent, it is the plaintiff's responsibility to provide a name and address for each
8  defendant to be served.  Both the Court and the California Department of Corrections
9  recognize, however, that prisoners proceeding *pro se* will often be unable to obtain
10 forwarding addresses for prison employees.  Accordingly, a system has been established
11 by which the California Department of Corrections will provide to the Court, under seal, a
12 forwarding address for the defendant if the Department is in possession of such.

13      Therefore, in accord with this system, the Court's docket clerk shall mail an
14 address inquiry letter to: <u>Staff Attorney, Legal Affairs Division, California Department of
15 Corrections, 1515 K Street, Sacramento, CA  95815</u>.  The letter shall ask for a
16 forwarding address for Defendant Lough to be provided to the Court under seal so that
17 the Court can then order the USM to attempt to serve the complaint on Defendant Lough.

18      IT IS SO ORDERED.
19 DATED: April 18, 2006

                                               JEFFREY S. WHITE
                                               United States District Judge