1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

DEXTER E . DALE,                              )   No. C 05-1842 JSW (PR)
                                              )
9          Plaintiff,                         )   **ORDER DENYING SUMMARY**
                                              )   **JUDGMENT AND INSTRUCTIONS TO**
10         v.                                 )   **THE CLERK**
                                              )
11   L. FERNANDEZ AND L.                       )   (Docket no. 7)
     LOUGH.,                                   )
12                                            )
           Defendants.                        )
13   _____

14
15

### INTRODUCTION

16         Plaintiff, a prisoner of the State of California, currently incarcerated at the

17   Correctional Training Facility in Soledad, California, filed this *pro se* civil rights action

18   pursuant to 42 U.S.C. § 1983, complaining of inadequate medical care at that facility

19   subsequent to his injury in a fight resulting in a significant delay in the diagnosis and

20   treatment of a broken knee.  In an order dated November 8, 2005, the Court found that

21   Plaintiff had stated a cognizable claim for deliberate indifference to his serious medical

22   needs and ordered the United States Marshal's (USM) office to serve the complaint on

23   Defendants Fernandez and Lough.

24         On December 21, 2005, the summons which the USM attempted to serve on

25   Defendant Lough was returned unexecuted.  On January 10, 2006, the Court ordered

26   Plaintiff to notify the Court within twenty days of his continued intent to prosecute the

27   action against Defendant Lough and to provide the United States Marshall with sufficient

28   information to locate Lough.  On January 23, 2006, Plaintiff notified the Court that he

intended to prosecute the action, but that he had been informed by Defendants through discovery that because Nurse Lough was a subcontractor hired from a nurse registry and was no longer working there, they had no current information of Lough's location.  The Court subsequently sent an inquiry to the Department of Corrections, seeking further information regarding Lough's whereabouts (docket no. 11), but no response to the Court's inquiry was returned.  Therefore, the Court will make one further attempt to determine whether the Department of Corrections can provide a current address for Defendant Lough.

On March 6, 2006, Defendant Fernandez filed a motion for summary judgment. Plaintiff filed an opposition to the motion on June 14, 2006.  On June 16, 2006, Defendant Fernandez filed a response to Plaintiff's opposition.  For the reasons discussed below, the Court denies summary judgment as to Defendant Fernandez.

**STANDARD OF REVIEW**

Summary judgment is properly granted when no genuine and disputed issues of material fact remain and when, viewing the evidence most favorably to the non-moving party, the movant is clearly entitled to prevail as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1288-89 (9th Cir. 1987).

The moving party bears the burden of showing that there is no material factual dispute.  Therefore, the Court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material.  *Celotex*, 477 U.S. at 324; *Eisenberg*, 815 F.2d at 1289.  The Court must draw all reasonable inferences in favor of the party against whom summary judgment is sought.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991).

Material facts which would preclude entry of summary judgment are those which,

under applicable substantive law, may affect the outcome of the case.  The substantive law will identify which facts are material.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where the moving party does not bear the burden of proof on an issue at trial, the moving party may discharge its burden of showing that no genuine issue of material fact remains by demonstrating that "there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  The burden then shifts to the opposing party to produce "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists."  *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), *cert. denied*, 502 U.S. 994 (1991).

If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *See Liberty Lobby*, 477 U.S. at 249-50.  However, "self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory." *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001); *see also Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (in equal protection case, conclusory statement of bias not sufficient to carry nonmoving party's burden).

At summary judgment, the judge must view the evidence in the light most favorable to the nonmoving party: if evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the judge must assume the truth of the evidence set forth by the nonmoving party with respect to that fact. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).  A court may not disregard direct evidence on the ground that no reasonable jury would believe it. *See id.* (where nonmoving party's direct evidence raises genuine issues of fact but is called into question by other unsworn testimony, district court may not grant summary judgment to moving party on ground that direct evidence is unbelievable).   The district court may not resolve disputed issues of material fact by crediting one party's version of events and ignoring another. *Wall v.*

3

*County of Orange*, 364 F.3d 1107, 1111 (9th Cir. 2004). "By deciding to rely on the defendants' statement of fact [in deciding a summary judgment motion], the district court became a jury." *Id.*

### STATEMENT OF FACTS

Defendant Fernandez contends that she is entitled to summary judgment because Plaintiff has not shown that she was the "moving force" behind the alleged violation of Plaintiff's rights and that she acted with deliberate indifference to Plaintiff's medical needs by failing to provide him with immediate access to a doctor on April 22, 2003. Defendant Fernandez's declaration provides that she was the triage nurse during sick call on April 22, 2003. Declaration of Louella Fernandez in Support of Defendant's Motion for Summary Judgment. On that date, she asserts that Plaintiff wanted to see a doctor and complained about a swollen knee and lacerations. *Id.* Defendant Fernandez further states that Plaintiff "did not tell me that he had a broken patella nor did he appear to be in pain. Mr. Dale did not return the next day requesting an immediate appointment." *Id.* In opposition to the motion, Plaintiff asserts that

> On April 22, 2003, Plaintiff complained to Defendant L. FERNANDEZ of:
> (1) Not being summoned for care after the April 16, 2003 incident; (2) The
> belief that his knee was broken; (3) Pain and swelling; and (4) the need for
> an x-ray.

Declaration of Dexter E. Dale in Support of Plaintiff's Opposition to Defendants Motion for Summary Judgment. In Defendant's reply, she points out that Plaintiff's prison administrative appeal form submitted on April 25, 2003, contradicts his declaration in opposition to the motion because it does not provide that Plaintiff believed his knee was broken. Defendant's Reply at 2. Defendant argues that where Plaintiff only complained to her of a swollen knee and lacerations, there are no facts to support a deliberate indifference claim.

### DISCUSSION

Deliberate indifference to serious medical needs violates the Eighth Amendment's

4

proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle*, 429 U.S. at 104). The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a serious need for medical treatment. *Id.* at 1059-60 (citing *Wood v. Housewright*, 900 F.2d 1332, 1337-41 (9th Cir. 1990)).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). In order for deliberate indifference to be established, there must be a purposeful act or failure to act on the part of the defendant and resulting harm. *See McGuckin*, 974 F.2d at 1060; *Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). A finding that the defendant's activities resulted in "substantial" harm to the prisoner is not necessary, however. Neither a finding that a defendant's actions are egregious nor that they resulted in significant injury to a prisoner is required to establish a violation of the prisoner's federal constitutional rights. *See McGuckin*, 974 F.2d at 1060, 1061 (citing *Hudson v. McMillian*, 503 U.S. 1, 7-10 (1992) (rejecting "significant injury" requirement and noting that Constitution is violated "whether or not significant injury is evident")).

1    Once the prerequisites are met, it is up to the factfinder to determine whether

2    deliberate indifference was exhibited by the defendant.  Such indifference may appear

3    when prison officials deny, delay or intentionally interfere with medical treatment, or it

4    may be shown in the way in which prison officials provide medical care.  *See id.* at 1062.

5    "A difference of opinion between a prisoner-patient and prison medical authorities

6    regarding treatment does not give rise to a § 1983 claim."  *Franklin v. Oregon*, 662 F.2d

7    1337, 1344 (9th Cir. 1981).

8    A plaintiff need not prove complete failure to treat.  Deliberate indifference may

9    be shown where access to medical staff is meaningless as the staff is not competent and

10   does not render competent care.  *See Lolli v. County of Orange*, 351 F.3d 410, 420-21

11   (9th Cir. 2003) (holding that a jury could infer that correctional officers' failure to

12   provide medical care in response to detainee's extreme behavior, sickly appearance and

13   statements that he was diabetic and needed food demonstrated deliberate indifference);

14   *Lopez v. Smith*, 203 F.3d 1122, 1132 (9th Cir. 2000) (en banc) (summary judgment

15   should not have been granted to defendants where plaintiff presented evidence that

16   prison officials failed and refused to follow doctor's orders for a liquid diet for plaintiff

17   whose mouth had been wired shut to treat a broken jaw); *Ortiz v. City of Imperial*, 884

18   F.2d 1312, 1314 (9th Cir. 1989) (summary judgment reversed where medical staff and

19   doctor knew of head injury, disregarded evidence of complications to which they had

20   been specifically alerted and without examination prescribed contraindicated sedatives).

21   Defendant argues that she is entitled to summary judgment because

22   Plaintiff did not inform Nurse Fernandez he had a broken knee on April
23   22, 2003.  If he knew he had a broken knee, he would certainly have stated
     that fact in his Inmate/Parole Appeal Form written three days later.  There
24   are no genuine issues of material facts.

25   Reply at 2.  However, this is only one side of the story.  In light of Plaintiff's sworn

26   declaration to the contrary, the factual dispute between Fernandez and Plaintiff as to

27   whether or not Plaintiff told Fernandez that he believed his knee was broken constitutes

28                                          6

1    a factual dispute within the meaning of *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,

2    248-49 (1986), because which version to credit is a matter for the jury to decide.

3    Because the Court may not make a credibility determination between Defendant and

4    Plaintiff on summary judgment, it does not matter for the purposes of deciding this

5    motion that Plaintiff has never stated that he told Nurse Fernandez about his belief that

6    the knee was broken before. *See, Leslie*, 198 F.3d at 1158. This factual dispute is also

7    "material" insofar as it is relevant to the determination of whether Defendant was

8    deliberately indifferent under the Eighth Amendment in failing to provide Plaintiff with

9    immediate medical attention after Plaintiff's complaint. *See, McGuckin,* 974 F.2d. At

10   1059-60. Accordingly, Defendant is not entitled to summary judgment on Plaintiff's

11   deliberate indifference to medical needs claim.

## CONCLUSION

13   For the foregoing reasons, the Court orders as follows,

14   1.  Summary judgment is DENIED as to Defendant Fernandez (docket no. 7).

15   2.  The Court's docket clerk shall mail another address inquiry letter to: Staff

16   Attorney, Legal Affairs Division, California Department of Corrections, 1515 K Street,

17   Sacramento, CA 95815. The letter shall ask for a forwarding address for Defendant

18   Nurse L. Lough to be provided to the Court under seal so that the Court can then order

19   the USM to attempt to serve the complaint on Defendant Nurse L. Lough.

20   IT IS SO ORDERED.

21   DATED: February 27, 2007

22                                              _Jeffrey S. White_
                                               _____
23                                             JEFFREY S. WHITE
                                               United States District Judge