UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| DEXTER DALE, | No. C 05-01842 JSW (LB) |
| Plaintiff, | **ORDER RE 3/8/2012 JOINT DISCOVERY LETTER** |
| v. | |
| L. FERNANDEZ, *et al.*, | [ECF No. 72] |
| Defendants. | |

## I. INTRODUCTION

On March 3, 2012, Plaintiff Dexter Dale and Defendants Fernandez and Lough filed a joint discovery letter in which they detailed three disputes: (1) whether Defendants' counsel agreed to accept service of a subpoena for deposition testimony and production of documents from the Correctional Training Facility in Soledad, California ("CTF"); (2) whether Defendants' counsel had a duty to preserve documents related to CTF's medical policies in 2003; and (3) whether Defendants' counsel must review Defendants' personnel records for documents responsive to Plaintiff's requests for production of documents. 3/8/2012 Joint Discovery Letter, ECF No. 72 at 2.[1] On March 9, 2012, the district referred the above-captioned matter to the undersigned. Referral Order, ECF No. 73 at 1. Because the joint discovery letter comports with the undersigned's procedures regarding discovery disputes, the court considers the letters and addresses the disputes.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 05-01842 JSW (LB)
ORDER

After reviewing the issues, the court finds in favor of Plaintiff.

## II. DISCUSSION

### A. Whether Defendants' Counsel Agreed to Accept Service of a Subpoena for Deposition Testimony and Production of Documents from CTF

The parties dispute whether Defendants' counsel Kay Yu agreed to accept service of a subpoena for Rule 30(b)(6) deposition testimony and production of documents from CTF. 3/8/2012 Joint Discovery Letter, ECF No. 72 at 2.

Plaintiff argues that, on January 25, 2012, Defendants' counsel Kay Yu agreed to accept service of a subpoena for the deposition of a Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") witness for CTF and the production of documents on February 24, 2012. *Id.* Plaintiff observes that, upon receipt of the subpoena on January 25, Defendants' counsel did not object to the request for production of documents contained in the subpoena nor did she read the subpoena and the attachments until much later. *Id.* Defendant's counsel also identified Dr. Friedricks as CTF's Rule 30(b)(6) witness and communicated that she would be representing him at the deposition. *Id.* Plaintiff argues that the court should follow the reasoning in *McNally Tunneling Corp. v. City of Evanston*, No. 00C6979, 2002 WL 59115, at *3 (N.D. Ill. Jan. 14, 2002), in which the court found that the plaintiff's counsel had agreed to accept service of the supplemental subpoena where the counsel had accepted service of a deposition subpoena and was later served with a supplemental subpoena that called for the production of documents. *Id.* at 3.

Plaintiff also notes that Defendants cite no authority for the proposition that the California Department of Corrections and Rehabilitation ("CDCR") is immune from service of subpoenas in a civil case. *Id.* And Plaintiff discusses *Allen v. Woodford*, 544 F. Supp. 2d 1074 (E.D. Cal. 2008), in which the court held that "the Eleventh Amendment does not apply to preclude discovery from a State agency, which can only be obtained through the State's custodians of records or from other employees having custody and control of the information or documents sought." *Id.* at 3-4 (quoting *Allen*, 544 F. Supp. 2d at 1079; also citing *Todd v. Lamarque*, No. C03-3995 SBA (BZ), 2007 WL 3151627, at *1 (N.D. Cal. Oct. 26, 2007) (denying motion to quash subpoena issued to CDCR for production of documents)).

1    Defendants view *McNally Tunneling Corp.* as distinguishable because the subpoena in that case
2    was served upon the attorney of a party to the action. *Id.* at 3. Defendant argues that, in *McNally*
3    *Tunneling Corp.*, the subpoena sought documents that the deponent, plaintiff's expert witness, had
4    relied upon in forming his expert opinion. *Id.* Here, CTF is not a party. *Id.*

5    Defendants also maintain that the subpoena is invalid because CTF, as an agency of the CDCR
6    enjoys sovereign immunity pursuant to the Eleventh Amendment. *Id.* According to Defendants, this
7    immunity can only be specifically waived. *Id.* With reference to the deposition subpoena,
8    Defendants' counsel specifically waived this immunity in her e-mail but no such waiver was given
9    with respect to the production of documents. *Id.*

10   First, the court finds that Defendants' counsel accepted service of the subpoena. Defendants
11   point out factual differences from *McNally Tunneling Corp.* but does not explain why these
12   differences are material.

13   Second, as to the sovereign immunity issue, the court is persuaded by the reasoning in *Allen*.
14   The court in *Allen* observed that a third-party discovery request is not a suit, which are understood to
15   be the prosecution, or pursuit, of some claim, demand, or request. 544 F. Supp. 2d at 1078. The
16   *Allen* court also noted that the sovereign immunity of states prohibits plaintiffs from bringing suits
17   where the judgment sought would expend itself on the public treasury or domain or interfere with
18   the public administration. *Id.* Following the reasoning in *Allen*, the court holds that CTF may not
19   refuse to respond to Plaintiff's subpoena for the production of documents based on an assertion of
20   sovereign immunity.

21   **B. Whether Defendants' Counsel had a Duty to Preserve Memos and Policies Regarding**
22   **Medical Care at CTF in 2003**.

23   The parties also dispute whether Defendants' counsel had a duty to preserve memos and policies
24   regarding medical care at CTF in 2003. 3/8/2012 Joint Discovery Letter, ECF No. 72 at 4.

25   On March 6, Defendants' counsel Plaintiff that memos and policies regarding medical care at
26   CTF in 2003 had been destroyed pursuant to CDCR's five year document retention policy. 3/8/2012
27   Joint Discovery Letter, ECF No. 72 at 4.

28   Plaintiff argues that Defendants' counsel had a duty to preserve those documents – even absent a

discovery request for them – because they were highly relevant to Plaintiff's claims, which were first filed in 2003, several years before the documents would have been destroyed pursuant to CDCR's document retention policies. *Id.* Plaintiff notes that his original complaint characterized Defendants' conduct as negligent. *Id.* at n.1.

Defendants argue that Plaintiff could have made a specific request to CDCR to retain the relevant memos and policies but did not do so. *Id.* Defendants also argue that the memos and policies did not become relevant to this action until Plaintiff amended his complaint this year because a section 1983 claim does not need or require the discovery that Plaintiff is seeking presently, as such a claim only requires the factual circumstances and the state of mind of the defendant. *Id.*

Here, it is unclear what is actually at issue. If Plaintiff intends to seek sanctions for spoliation (as is indicated in the joint letter), he must follow the procedures set forth in this district's local rules. *See* N.D. Cal. Civ. L. R. 7-8.

To the extent that the parties are seeking guidance for the future, the court first notes that a failure to comply with a government policy generally cannot, by itself, be used to establish a constitutional violation. *See generally United States v. Goodwin*, 57 F.3d 815, 818 (9th Cir. 1995) (holding "[t]he failure of the AUSA to comply with internal department policy does not, without more, establish a deprivation of [the defendant's] constitutional rights."). But, this does not mean that the policies might not be relevant and probative. *See Cotton v. City of Eureka, Cal.*, No. C 08-04386 SBA, 2010 WL 5154945, at *18-*19 (N.D. Cal. Dec. 14, 2010) (discussing the admission of government policies in a section 1983 deliberate indifference case). And, in this case, the policies and memos might help Plaintiff establish that Defendants were aware that a substantial risk of serious harm existed.

Additionally, as the parties seem to acknowledge, after Plaintiff put Defendant on notice of his (potential) negligence claims, the policies' relevance is clear. For example, in a related context, the California Supreme Court held that "the provisions of the CHP Officer Safety Manual may not properly be viewed as establishing the applicable standard of care, but they may be considered by the trier of fact in determining whether or not an officer was negligent in a particular case." *Lugtu*

C 05-01842 JSW (LB)
ORDER                                                4

*v. California Highway Patrol*, 26 Cal.4th 703, 720 (Cal. 2001). This principle applies to the instant case with regard to the relevance of the policies regarding medical care at CTF.

### C. Whether Defendants' Counsel Must Review Defendants' Personnel Files for Responsive Information

Finally, the parties disagree about whether Defendants' counsel must review Defendants' personnel files for responsive information and produce anything relevant. 3/8/2012 Joint Discovery Letter, ECF No. 72 at 5.

Plaintiff's Requests for Production Numbers 13 and 15 seek information that may be contained, at least in part, in Defendants' personnel files regarding complaints filed against Defendants by other inmates and any investigations into those complaints. *Id.* Defendants' counsel has not reviewed Defendants' personnel files pursuant to Plaintiff's discovery requests and refuses to do so. *Id.* Defendants argue that their counsel does not need to search the personnel files because they have stated in their interrogatories that they have never been disciplined and, according to Defendants' counsel's belief based on her experience in another case that involved employees *at a different prison*, the personnel files would only contain complaints that resulted in disciplinary action. *Id.*

Plaintiff counters that there is no privacy protection that shields all personnel files from discovery and that he is not convinced that the types of documents kept in the personnel file of an employee at Salinas Valley Prison are the same as the types of documents retained in the files of employees at CTF. *Id.*

Defendants' counsel must review the files. Defendants do not argue that it is burdensome, make no showing that it is privileged, and do not dispute that the information sought is relevant. Moreover, Defendants provide no facts, law, or analysis that suggests that CTF and Salinas Valley Prison maintain their files in the same fashion (and that would not alter the court's analysis anyway).

### III. CONCLUSION

For the foregoing reasons, the court **FINDS** that (1) Defendants' counsel agreed to accept service of a subpoena for deposition testimony and production of documents from CTF; (2) Defendants' counsel had a duty to preserve documents related to CTF's medical policies in 2003;

1 and (3) Defendants' counsel must review Defendants' personnel records for documents responsive
2 to Plaintiff's requests for production of documents.
3    This disposes of ECF No. 72.
4 **IT IS SO ORDERED.**
5 Dated: March 26, 2012

_____
LAUREL BEELER
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**For the Northern District of California**